UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Wells Fargo Bank, N.A., | ) | C/A: 2:16-1430-MBS-BM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| vs. | ) | |
| | ) | |
| Antonio Bryant, Joyce A. Bryant, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This action was originally filed by the Plaintiff in the South Carolina Court of Common Pleas, Dorchester County. This is an action for foreclosure of a mortgage.

On May 4, 2016, the Defendants Antonio Bryant and Joyce A. Bryant, proceeding pro se, removed the action to this United States District Court. They filed an amended notice of removal on May 27, 2016. A review of this Court's docket reveals that this is the second time this case has been removed to federal court.[1] See Wells Fargo Bank, N.A. v. Bryant, et. al., Civil Action No. 2:15-4726-MBS-BM (D.S.C); see also Aloe Creme Laboratories, Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970)[a federal court may take judicial notice of the contents of its own records]. The previous removal was remanded back to the South Carolina Court of Common Pleas by Order of the Court filed January 15, 2016.



---

[1]The notice of removal in the previous case was only signed by Defendant Joyce A. Bryant.

When considering removal jurisdiction, federal courts must "scrupulously confine their own jurisdiction to the precise limits which the statute has defined." Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 109 (1941)(internal quotation marks and citation omitted). Federal courts are courts of limited jurisdiction, see Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994), and a district court is charged with ensuring that all cases before it are properly subject to such jurisdiction. In re Bulldog Trucking, Inc., 147 F.3d 347, 352 (4th Cir. 1998). In addition, "[r]emoval statutes must be strictly construed against removal," Scott v. Greiner, 858 F.Supp. 607, 610 (S.D.W.Va. 1994), and a federal court must "resolve all doubts about the propriety of removal in favor of retained state court jurisdiction." Marshall v. Manville Sales Corp., 6 F.3d 229, 232 (4th Cir. 1993); see also Palisades Collections LLC v. Shorts, 552 F.3d 327, 333-34 (4th Cir. 2008); Mulcahey, 29 F.3d at 151 ["If federal jurisdiction is doubtful, a remand is necessary."].

The burden is on the removing defendant to establish subject matter jurisdiction; Mulcahey v. Columbia Organic Chemicals Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994); and a district court is obligated to consider sua sponte whether jurisdiction is present and to remand the case to state court if it determines that it lacks jurisdiction. See 28 U.S.C. § 1447(c); Fed. R. Civ. P. 12(h)(3); Ellenburg v. Spartan Motors Chassis, Inc., 519 F.3d 192, 196 (4th Cir. 2008). Although the basis for the removal here is unclear, it appears to be based on the Defendants' contention that, as United States citizens, they are "the property and Franchise of the Federal Government," and therefore the state court lacks subject matter jurisdiction over them.

The removal statute, 28 U.S.C. § 1441, allows a state court defendant to remove a case to a federal district court if the state court action could have originally been filed there. See



2

Darcangelo v. Verizon Commc'ns, Inc., 292 F.3d 181, 186 (4th Cir. 2002). Generally a case can be filed in a federal district court only if there is diversity of citizenship under 28 U.S.C. § 1332, or if there is federal question jurisdiction under 28 U.S.C. § 1331. Neither of these grounds for jurisdiction exists here.

First, a careful review of the pleadings in this case fails to reveal any basis for federal question jurisdiction. This is a state law foreclosure action, and a review of the complaint reveals that it is solely based on state law. See ECF No. 1-1, at 4-7. As was noted in the Report and Recommendation entered in Defendant Joyce A. Bryant's previous failed attempt to remove this case, no federal jurisdiction exists over a complaint which "merely states a cause of action for enforcement of a promissory note and foreclosure of the associated security interest in real property." Burbage v. Richburg, 417 F. Supp.2d 746, 749 (D.S.C. 2006); see also Pettis v. Law Office of Hutchens, Senter, Kellam and Pettit, C/A No. 3:13-147-FDW, 2014 WL 526105, at *2 (W.D.N.C. Feb. 7, 2014)(collecting cases); Deutsche Bank Nat'l Trust Co. v. Lovett, C/A No. 3:12-1819-JFA, 2013 WL 528759, at *2 (D.S.C. Feb. 11, 2013). To the extent Defendants now contend that removal is proper pursuant to Hill Top Developers v. Holiday Pines Serv. Corp., 478 So. 2d 368, 370 (Fla. 2d DCA 1985)[noting that lack of subject matter jurisdiction may properly be raised for the first time at the appellate stage and holding that absent prior approval of a charge for plant facility expansion by the Public Service Commission, the trial court lacked subject matter jurisdiction to grant judgment for regulated utility], that case provides no support for Defendants' argument that the Court of Common Pleas for Dorchester County lacks jurisdiction over this state foreclosure action.[2]

---

[2]Defendants argue that they are removing this case for lack of subject matter jurisdiction (continued...)



3

Although Defendants argue lack of jurisdiction, they fail to make any plausible argument in support of this assertion. Additionally, to the extent the Defendants are attempting to raise a defense to the foreclosure action based on a federal statute or constitutional amendment, such defenses do not establish removal jurisdiction. See Merrell Dow Pharm., Inc. v. Thompson, 478 U.S. 804, 808 (1986); Cook v. Georgetown Steel Corp., 770 F.2d 1272, 1275 (4th Cir. 1985)["A federal defense to a state cause of action is not sufficient to invoke federal jurisdiction."].

Second, to the extent the Defendants are attempting to claim diversity of citizenship as a basis for removal of this case by asserting that, as United States citizens, they are not South Carolina citizens, that claim is unavailing. They are citizens of both, and there is nothing in the filings in this case to indicate that the Defendants are not South Carolina residents for purposes of this state law mortgage foreclosure action. As such, in the absence of a federal question being presented on the face of the Complaint, Defendants are precluded as a matter of law from removing this case on the basis of diversity of citizenship. See 28 U.S.C. § 1441(b)(2)["A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."].

---

²(...continued)
pursuant to Federal Rule 12(b)(1). However, the federal rules of civil procedure "govern the procedure in all civil actions and proceedings in the United States district court..." Fed. R. Civ. P. 1. The present action was filed state court. Further, any argument that this Court lacks subject matter jurisdiction pursuant to 12(b)(1) supports the conclusion that this action should be remanded.



4

## Conclusion

Based on the foregoing, it is recommended[3] this case be **remanded** back to state court. The parties are referred to the Notice Page attached hereto.

July 7, 2016
Charleston, South Carolina

Bristow Marchant
United States Magistrate Judge

---

[3]While many Courts have held that an order of remand is non-dispositive and can be issued by a United States Magistrate Judge in a non-consent case, it is not firmly established whether the undersigned can issue an order of remand, or whether a Report and Recommendation is required. Cf. Williams v. Beemiller, Inc., 527 F.3d 259 (2d Cir. 2008)[Finding that remand orders are dispositive]; Vogel v. U.S. Office Products Co., 258 F.3d 509, 514-517 (6th Cir. 2001)[same]; First Union Mortgage Co. v. Smith, 229 F.3d 992, 996-997 (10th Cir. 2000)[same]; In re U.S. Healthcare, 159 F.3d 142, 145-146 (3d Cir. 1998)[same]; Vaquillas Ranch Co. v. Texaco Exploration & Production, Inc., 844 F. Supp. 1156, 1163 (S.D.Texas 1994); McDonough v. Blue Cross of Northeastern Pennsylvania, 131 F.R.D. 467 (W.D.Pa. 1990); City of Jackson v. Lakeland Lounge of Jackson, Inc., 147 F.R.D. 122, 124 (S.D.Miss. 1993); Long v. Lockheed Missiles & Space Co., 783 F.Supp. 249 (D.S.C. 1992). While the undersigned has issued orders of remand in some circumstances, in light of the Defendants' pro se status, and out of an abundance of caution, this Report and Recommendation, instead of an Order, is being entered so that the Defendants can contest remand before the District Judge, if they so desire.



5

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

