# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Wells Fargo Bank, NA, ) | Civil Action No. 2:16-1430-MBS |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER AND OPINION** |
| Antonio Bryant and Joyce A. Bryant, ) | |
| ) | |
| Defendants. ) | |

Antonio Bryant and Joyce A. Bryant ("Defendants"), proceeding *pro se*, filed a Notice of Removal that purports to remove a federal foreclosure action originally filed as Case No. 2014-CP-18-1054 in the Court of Common Pleas in Dorchester County, South Carolina. ECF Nos. 1 at 1; 1-1.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On June 4, 2014, Wells Fargo Bank, NA ("Plaintiff") filed a Lis Pendens, Summons, Notice of Foreclosure Intervention, and Complaint for Foreclosure against Defendants. *See* ECF No. 1-1. On November 23, 2015, Defendant Joyce A. Bryant removed the action to this court for Lack of Subject Matter Jurisdiction. *See Wells Fargo Bank, N.A. v. Bryant, et. al.*, C/A No. 2:15-4726 (D.S.C. Jan. 15, 2015), ECF No. 1. On January 15, 2016, the court adopted a Report and Recommendation from Magistrate Judge Bristow Marchant and remanded this matter to the state court. *See id.,* ECF No. 11. On May 4, 2016, both Defendants filed the instant Notice of Removal to move the case to this court "for Lack of Subject Matter Jurisdiction pursuant to Federal Rule of Civil Proecedure 12b(1)." ECF No. 1 at 1. On May 27, 2016, Defendants filed an amended Notice of Removal. ECF No. 1-3.

1

In accordance with 28 U.S.C. § 636(b) (2012) and Local Civil Rule 73.02, D.S.C., the matter was referred to United States Magistrate Judge Bristow Marchant for a Report and Recommendation. The Magistrate Judge issued a Report and Recommendation on July 7, 2016. ECF No. 9. The Magistrate Judge found that Defendants did not identify a viable basis for jurisdiction because both federal question jurisdiction and diversity of citizenship jurisdiction are improper. *Id*. Accordingly, the Magistrate Judge again recommended that the case should be remanded to the state court. *Id.* Defendants filed an objection to the Report and Recommendation on July 25, 2016. ECF No. 11. Defendants objection is rambling and at times, nonsensical, but argues, *inter alia*, that Defendants are "US Citizens," and therefore, this federal court should have jurisdiction over the case. *Id*.

## II. DISCUSSION

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight and the responsibility for making a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). This court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. *Id.*

The court is charged with making a *de novo* review of any portions of the Report and Recommendation to which a specific objection is made. *Id.* The district court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. *Orpiano v. Johnson*, 687 F.2d 44, 47-48 (4th Cir. 1982). Here, Defendants objection does not rebut the Magistrate Judge's conclusion that the case should be remanded.

The court adopts the Report and Recommendation of the Magistrate Judge and incorporates

it herein by reference.  The case is remanded to the Court of Common Pleas of Dorchester County, South Carolina for lack of subject matter jurisdiction.

    **IT IS SO ORDERED.**

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

August 1, 2016